UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-23329-KMM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

v.

MANUEL V. FEIJOO and
MANUEL V. FEIJOO, M.D., P.A.,

        Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants Manuel V. Feijoo and Manuel V. Feijoo, M.D., P.A.'s ("Defendants") Motion to Dismiss ("Mot.") (ECF No. 23) Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") Complaint ("Compl.") (ECF No. 1). State Farm responded ("Resp.") (ECF No. 26) and Defendants replied ("Reply") (ECF No. 27). The motion is now ripe for review.

**I.    BACKGROUND**[1]

Defendant Manuel V. Feijoo ("Feijoo") co-owns and operates a medical clinic–Manuel V. Feijoo, M.D., P.A. (the "Clinic")– with his wife. Compl. ¶ 8. The Clinic provides medical services to persons injured in auto accidents. *Id.* The Clinic regularly submits claims for reimbursement to State Farm for services that Feijoo allegedly provides to his insured patients. *Id.* ¶ 12. These claims contain five-digit industry codes–the Physicians' Current Procedural Technology ("CPT")

---

[1] The following facts are taken from the Complaint and accepted as true for the purpose of ruling on this Motion. *Fernandez v. Tricam Indus., Inc.*, Case No. 09-22089-CIV-MOORE/SIMONTON, 2009 WL 10668267, at *1 (S.D. Fla. Oct. 21, 2009).

codes–that correspond to the types of medical services performed on each patient. *Id*. ¶ 14. State Farm alleges that from August 18, 2014 through May 17, 2018, the Clinic, under Feijoo's direction and control, submitted 1,732 claims with false or misleading CPT codes. *See id.* ¶¶ 19(a)–(e).[2] State Farm claims that Defendants knowingly submitted false or misleading charges to State Farm "for the purpose of inducing State Farm" to reimburse Defendants' claims in full. *Id.* ¶¶ 20, 23. State Farm states that it reimbursed Defendants for medical procedures that the Clinic did not perform at all, or for which the Clinic charged an inflated amount, or for a non-compensable procedure. *Id*. ¶ 27.

In its two-count Complaint, State Farm seeks money damages arising from Defendants' alleged violation of the Florida Deceptive and Unfair Trade Practice Act ("FDUTPA") ("Count I") and a declaration stating that certain charges for which State Farm has yet to reimburse the Clinic are not compensable ("Count II"). *Id.* at 7–11. Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Count I fails to state a cause of action because (1) the Complaint's allegations sound in fraud and do not satisfy the particularity pleading standard set forth in Fed. R. Civ. P. 9(b), (2) State Farm is not a "consumer" within the meaning of FDUTPA, and (3) State Farm failed to allege a recoverable loss under FDUTPA. Mot. at 3–13. Defendants also move to dismiss Count II, arguing that State Farm's request for declaratory relief is non-justiciable and improperly includes Feijoo as an individual Defendant. *Id*. at 13–16.

---

[2] Specifically, State Farm alleges that the Clinic inaccurately reported: (a) at least 790 separate $100 charges for CPT code 95851, a so-called Range of Motion procedure; (b) at least 478 separate $475 charges for CPT code 99204, an initial evaluation of a patient; (c) at least 227 separate $100 charges for CPT code 76140, an x-ray consultation; (d) at least 159 separate $425 charges for CPT code 99215, a highly complex follow-up examination, and (e) at least 153 separate $275 charges for CPT code 99214, a moderately complex follow-up examination. Compl. ¶¶ 19(a)–(e).

2

## II. STANDARDS OF REVIEW

### A. Federal Rules of Civil Procedure 8(a) and 9(b)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). A complaint must contain enough facts to indicate the presence of the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Claims that sound in fraud, moreover, "must comply not only with" the plausibility criteria set forth by *Iqbal*, but also the heightened pleading standard under Fed. R. Civ. P. 9(b). *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); *State Farm Mut. Automobile Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1328 (S.D. Fla. 2017) ("[W]here the gravamen of the claim sounds in fraud . . . the heightened pleading standard of Rule 9(b) applies.").

Rule 9(b) "requires that in alleging fraud or mistake, a party must state with particularity circumstances constituting the fraud or mistake." *Cigna Corp.*, 605 F.3d at 1291 (internal quotation marks and citation omitted). In so doing, a plaintiff "must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiff; and (4) what the defendants gained by the alleged fraud." *See id*. (internal citation omitted).

### B. FDUTPA

"To establish a claim under the FDUTPA, State Farm must show (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages." *State Farm Mut. Auto. Ins. Co. v. First Care Sol., Inc.*, 232 F. Supp. 3d 1257, 1268 (S.D. Fla. 2017) (internal citation omitted).

3

"Fraudulent conduct in the context of billing for [medical] benefits . . . qualifies as a deceptive act for the purposes of FDUTPA." *State Farm Mut. Auto. Ins. Co. v. Med. Serv. Ctr. of Fla., Inc.*, 103 F. Supp. 3d 1343, 1354 (S.D. Fla. 2015). Actual damages under FDUTPA "are measured according to the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Carriuolo v. General Motors Co.*, 823 F.3d 977, 986 (11th Cir. 2016) (internal citation omitted). "In other words, a plaintiff must prove the gap in value between what was promised and what was delivered." *State Farm Mut. Automobile Ins. Co. v. Performance Orthopaedics & Neurosurgery*, 315 F. Supp. 3d 1291, 1310 (S.D. Fla. 2018)) (internal citation omitted). "Courts find that if a defendant engages in an unfair and deceptive act by unlawfully operating a medical clinic, then the unlawful operation of the clinic would have resulted in harm to plaintiffs, insured, and the public as a whole." *Id.* at 1310–1311.

### III. DISCUSSION

#### A. Count I

Defendants argue that the Complaint's allegations sound in fraud and do not satisfy the particularity pleading standard set forth in Fed. R. Civ. P. 9(b). Mot. at 3–9. Defendants further contend that State Farm is not a "consumer" within the meaning of FDUTPA and thus lacks standing to bring a FDUTPA claim, and that State Farm failed to allege a recoverable loss under FDUTPA. Mot. at 9–13. In response, State Farm argues that Rule 9(b) does not apply because the Complaint does not allege fraud, but even if Rule 9(b) did apply, the Complaint nonetheless meets the requisite particularity requirements. Resp. at 4–10. State Farm further argues that non-consumers have standing to file suit under FDUTPA, and that State Farm has suffered recoverable damages under FDUTPA. *Id.* at 11–17.

> a. *Rule 9(b): The Complaint's Allegations Sound in Fraud*

Defendants argue that the Complaint sounds in fraud because State Farm alleges that Defendants knowingly and repeatedly submitted false claims for full reimbursement. Mot. at 4–6. In response, State Farm argues that the Complaint does not sound in fraud because fraud is neither alleged nor mentioned in any of the allegations, and FDUTPA does not require any proof of fraud. Resp. at 4–6.

"Federal district courts [are] split as to whether FDUTPA claims are subject to Rule 9(b)." *Performance*, 278 F. Supp. 3d at 1328. "However, where the gravamen of the claim sounds in fraud . . . the heightened pleading of Rule 9(b) applies." *Id.* Here, the gravamen of the Complaint is that Feijoo "knowingly caused the Clinic to report" 1,732 "false and misleading" claims in order to "induc[e]" State Farm to reimburse Defendants for medical procedures that the Clinic "did not, in fact, perform on [its patients], or for which the Clinic was not otherwise entitled to be paid at all, or in the amount charged by the Clinic." Compl. ¶¶ 20, 27.

These allegations sound in fraud. First, a complaint need not explicitly allege fraud in order to trigger Rule 9(b) particularity.[3] *See, e.g.*, *Ctr. for Individual Rights v. Chevaldina*, Case No. 16-Civ-20905-KING/TORRES, 2018 WL 1795470, at *7 (S.D. Fla. Feb. 21, 2018) ("[C]ourts have consistently found that Rule 9(b) is . . . applicable to torts that are not even necessarily fraudulent–such as a breach of fiduciary duty–as long as their underlying factual allegations

---

[3] Although State Farm correctly argues that it need not "plead or prove fraud" to prevail on a FDUTPA claim, it misses the larger point: any claim sounding in fraud must be pled with particularity regardless of whether fraud is explicitly pled or ultimately proven. Resp. at 4; *Four Seasons*, 2011 WL 4434891, at *5. Although State Farm correctly argues that it need not prove any "specific intent to defraud" under FDUTPA, the principal inquiry at issue is whether the allegations in State Farm's Complaint are based upon a unified course of fraudulent conduct or contains averments of fraud that must be pled with particularity. Resp. at 5; *Pelfrey v. Mahaffy*, Case No.: 17-cv-80920-MIDDLEBROOKS/Brannon, 2018 WL 3110794, at *4 (S.D. Fla. Feb. 2, 2018); *Four Seasons*, 2011 WL 4434891, at *5.

5

include averments of fraud."); *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1333 (S.D. Fla. 2012) (explaining that Rule 9(b) "does not state that it only applies to claim for fraud; it says it applies to allegations of fraud."); *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV., 2011 WL 4434891, at *5 (S.D. Fla. Sept. 23, 2011) (holding that the plaintiff's FDUTPA claim sounds in fraud because "the averments in the complaint describe fraudulent conduct and thus, Rule 9(b) applies."). Thus, the fact that State Farm does not explicitly allege fraud does not necessarily relieve it of its duty to plead with particularity under Rule 9(b). Second, State Farm's allegations that Defendants knowingly and repeatedly submitted false claims for medical services that were potentially never rendered gives rise to a "strong inference that the defendants possessed the requisite fraudulent intent." *See Assoc. Indus. Ins. Co. v. Advanced Mgmt. Servs., Inc.*, No. 12–80393–CIV., 2014 WL 1237685, at *5 (S.D. Fla. Mar. 26, 2014) (internal citation and quotation marks omitted). Third, as alleged, State Farm's FDUTPA claim is based upon a unified course of fraudulent conduct by Defendants in purposefully submitting 1,732 false or misleading claims for reimbursement. *See Mahaffy*, 2018 WL 3110794, at *4 ("When a cause of action is based entirely on a unified course of fraudulent conduct and relies on that course of conduct as the basis of a claim, the plaintiff's claim must meet the heightened pleading standard of Rule 9(b).") (internal quotation marks and citation omitted).

State Farm's allegations therefore amount to, at the very least, averments of fraud. *See Perret*, 846 F. Supp. 2d at 1333 (holding that FDUTPA claim "clearly based on fraud" when the claim alleged that the defendant "purposefully and systematically made affirmative representations and omissions of material information.") (internal quotation marks omitted); *Performance*, 278 F. Supp. 3d at 1328 (holding that State Farm's FDUTPA claim sounded in fraud because it alleged that defendants participated in a "fraudulent scheme" to "grossly inflate[]" the value of personal

injury claims so that State Farm would "pay significant settlement amounts based upon false information"). The Complaint must therefore meet the particularity requirements of Rule 9(b).

### b. *Rule 9(b): The Complaint is Not Pled with Particularity*

Defendants next argue that State Farm's Complaint is not pled with the particularity required by Rule 9(b). Mot. at 4–9. To satisfy Rule 9(b), a plaintiff "must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiff; and (4) what the defendants gained by the alleged fraud." *Cigna Corp.*, 605 F.3d at 1291 (internal quotation marks and citation omitted). Defendants argue only that State Farm fails to state with particularity the manner in which it was misled by Defendants' claims for reimbursement.[4] Mot. at 7–9. In response, State Farm argues that it was misled by Defendants' "deceptive" CPT codes, which caused State Farm to pay for "medical services that were not performed, inflated, and not compensable[]." Resp. at 7.

Rule 9(b) is only satisfied if the complaint sets forth the content of any inaccurate statements or omissions and the manner in which these statements or omissions misled the plaintiff. *See Cigna Corp.*, 605 F.3d at 1291; *Leisure Founders, Inc. v. CUC Int'l, Inc.*, 833 F. Supp. 1562, 1574 (S.D. Fla. 1993) (holding that a complaint is in "accord with the demands of Rule 9(b)" when it, *inter alia*, explains "the way in which [the p]laintiffs were allegedly misled."). Mere attestations of reliance upon material misrepresentations are not enough; a plaintiff must "specify the content or manner in which" those representations misled that plaintiff. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 n.12 (11th Cir. 2007).

---

[4] Defendants do not argue that State Farm failed to meet any of the other three requirements of Rule 9(b).

7

Here, State Farm alleges that it was misled by "deceptive CPT codes" submitted by Defendants without ever explaining how or why it was deceived by any specific claim or CPT code. *See Samet v. Procter & Gamble Co.*, No. 5:12–CV–01891 PSG., 2013 WL 3124647, at *8 (N.D. Cal. June 18, 2013) (holding that Rule 9(b) plaintiffs must plead "in detail" how they were misled and "offer more than their legal conclusion[s]" in support of any such allegation). For example, State Farm alleges that Defendants reported at least 790 separate charges for CPT code 95981–the Range of Motion procedure–when the Clinic "had not performed any procedure that is and properly reported as CPT code 95981." Compl. ¶ 19(a). However, this allegation–along with similarly worded allegations underlying the four other CPT codes at issue–does not explain how State Farm relied upon, or was misled by, Defendants' reporting of CPT code 95981. Nor does State Farm explain how any CPT code "induced" it into reimbursing any claim at issue. *See Performance*, 278 F. Supp. 3d at 1322 (holding that State Farm satisfied the "manner" prong by explaining how it detrimentally relied upon the defendants' misrepresentations); *Solidda Grp., S.A. v. Sharp Elec. Corp.*, CASE NO. 12-21411-CIV-DIMITROULEAS/SNOW, 2012 WL 12863888, at *7 (S.D. Fla. Sept. 27, 2012) (holding that the plaintiff fulfilled the "misled" prong of Rule 9(b) by explaining how the content of certain documents misled the plaintiff); *State Farm Mut. Auto. Ins. Co. v. Comprehensive Physician Servs.,* No. 8:14–cv–2381–T–30AEP., 2014 WL 7070832, at *2 (M.D. Fla. Dec. 15, 2014) (holding that State Farm's complaint against physician and his practice satisfied Rule 9(b) when State Farm detailed how certain CPT codes submitted in support of claims for reimbursement were misleading); *Moy v. Adelphi Inst., Inc..* 866 F. Supp. 696, 702 (E.D.N.Y. 1994) (holding that the plaintiffs satisfied the "misled" prong when they detailed, *inter alia*, "how they were induced" to act on the misrepresentations at issue).

State Farm argues that Rule 9(b) "must not abrogate the concept of notice pleading" set forth by Fed. R. Civ. P. 8(a). Resp. at 8. Indeed, "the specificity requirements of Rule 9(b) are

8

applied less stringently to avoid substantial unfairness to private litigants who could not possibly have detailed knowledge of all the circumstances surrounding the alleged fraud." *Performance*, 278 F. Supp. 3d at 1321 (internal quotation marks and citation omitted). However, while State Farm is certainly not expected to have "detailed knowledge of *all* the circumstances" surrounding Defendants' claims for reimbursement, the precise manner in which *State Farm* was misled is clearly within the knowledge of State Farm. *See id.* (emphasis added).

Thus, as alleged, State Farm's Complaint fails to detail with "requisite particularity" the manner in which it was misled by even a single specific claim or CPT code submitted by Defendants. *See Dawley v. NF Energy Corp. of Am.*, 492 F. App'x 77, 81 (11th Cir. 2012). Accordingly, Defendants' Motion to Dismiss Count I of the Complaint is GRANTED and COUNT I is DISMISSED WITHOUT PREJUDICE. State Farm may file an Amended Complaint on the docket that is compliant with Rule 9(b) within fourteen days from the date of this Order.[5]

Although the Court dismisses Count I without prejudice and with leave to amend, for the reasons that follow, the Court nonetheless finds that State Farm has (1) standing to bring its FDUTPA claim and (2) plausibly alleged actual damages.

### c. *State Farm Has Standing Under FDUTPA*

Defendants argue that because State Farm is not a "consumer" within the meaning of FDUTPA, State Farm has no standing to bring its FDUTPA claim. Mot. at 9–12. In response,

---

[5] This Order should not be interpreted to require State Farm–should it choose to amend its complaint–to explain how it was misled by each of the 1,732 claims at issue. *See Comprehensive*, 2014 WL 7070832, at *2 (holding that State Farm's complaint–alleging 400 false claims submitted pursuant to several deceptive CPT codes–satisfied Rule 9(b) when State Farm only explained why it was misled by the CPT codes at issue). Rather, the Court holds only that, as alleged, State Farm failed to detail how it was misled by any specific charge or CPT code submitted by Defendants for reimbursement.

9

State Farm argues that it need not be a consumer to have standing to bring a FDUTPA claim, and that even it does, State Farm is nonetheless a "consumer" for FDUTPA purposes. Resp. at 11–13.

FDUTPA is a consumer protection statute proscribing "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive trade or commerce." Fla. Stat. § 501.204(1). FDUTPA authorizes a private cause of action for actual damages by any "person" who has suffered a loss because of a defendant's violation of the statute. Fla. Stat. § 501.211(2). In 2001, the Florida Legislature amended the FDUTPA's standing provision by replacing the word "consumer" with the word "person." *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1296 (S.D. Fla. 2014). There is currently a split in authority regarding whether the 2001 amendment extended FDUTPA to non-consumers, and the Eleventh Circuit has yet to resolve this split. *See Taft v. Dade Cty. Bar Ass'n, Inc.*, Case No. 1:15-cv-22072-KMM, 2015 WL 5771811, at *3 (S.D. Fla. Oct. 2, 2015).

Several federal district courts, including this Court, have limited the definition of "person" under § 501.211(2) only to "consumers, including businesses that are consumers . . . injured by an unfair or deceptive act when buying or purchasing goods and services." *See, e.g.*, *id.* at *3–4 (citing cases). However, three Florida appellate courts–the Second, Third, and Fourth Districts– have since categorically held that "an entity [i]s not required to be a consumer in order to have standing to bring a FDUTPA claim" because the Florida Legislature's 2001 amendment "served to broaden the reach of the statute so that more than just consumers could avail themselves of the protection of this statute." *Caribbean Cruise Line, Inc. v. Better Business Bureau of Palm Beach Cty., Inc.*, 169 So. 3d 164, 169 (Fla. Dist. Ct. App. 2015); *Bailey v. St. Louis*, 196 So. 3d 375, 383 (Fla. Dist. Ct. App. 2016) ("We agree that section 501.211(2) evinces a legislative directive that the remedy of damages is not limited to a consumer."); *Off Lease Only, Inc. v. LeJeune Auto*

*Wholesale, Inc.*, 187 So. 3d 868, 869 n.2 (Fla. Dist. Ct. App. 2016) (holding that § 501.211(2) "no longer requires one to be a 'consumer' to maintain an action for damages under FDUTPA").[6]

Florida's appellate courts are thus in agreement that a plaintiff need not be a "consumer" to have standing to bring a FDUTPA claim. Numerous district courts have accordingly held that in light of *Caribbean*, *Bailey*, and *Off Lease*–as well as the lack of any evidence that the Florida Supreme Court would reverse these decisions–non-consumers may bring FDUTPA claims. *See, e.g.*, *Wellnext LLC v. OVM LLC*, CASE NO.: 17-CV-62107-HUCK, 2018 WL 7048129, at *5 (S.D. Fla. Feb. 16, 2018) (citing *Caribbean*, *Bailey*, and *Off Lease* for contention that "non-consumers have standing under FDUTPA"); *Chiron Recovery Ctr., LLC v. AmeriHealth Hmo of New Jersey, Inc.*, CASE NO.: 9:16-CV-82043-ROSENBERG/HOPKINS, 2017 WL 4390169, at *6 n.6 (S.D. Fla. Oct. 3, 2017) (noting that although the Court had earlier held that FDUTPA claims were limited to consumers only, the Florida appellate courts to rule on this issue have all "determined that non-consumers have standing under FDUTPA.") (internal citation and quotation marks omitted); *SMS Audio, LLC v. Belson*, Case No. 9:16-cv-81308-MIDDLEBROOKS, 2017 WL 1533941, at *4 n.8 (S.D. Fla. Mar. 9, 2017) ("Florida courts have held that the claimant does not have to be a consumer to bring the claim.") (internal citation and quotation marks omitted); *Vazquez v. Joseph Cory Holdings, LLC*, Case No: 6:16–cv–1307–Orl–40TBS, 2016 WL 11221088, at *3 (M.D. Fla. Nov. 10, 2016) (stating that the persuasive value of various federal court decisions limiting FDUTPA standing to "consumers" is "erode[d]" by the Florida appellate

---

[6] Although the Court issued its decision in *Taft* approximately four months after the Fourth District's holding in *Caribbean*, the Court did not have "the benefit of the analyses of" all three Florida appellate courts. *See Bishop v. VIP Transp. Grp., LLC*, Case No: 6:15–cv–2118–Orl–22KRS, 2016 WL 1253734, at *3 (M.D. Fla.) (finding that in light of *Caribbean*, *Bailey*, and *Off Lease*, "the fact that [the p]laintiff is not a consumer does not bar his suit"), *report and recommendation adopted*, Case No: 6:15-cv-2118-Orl-22KRS, 2016 WL 1244725 (M.D. Fla. Mar. 30, 2016). Moreover, *Taft* neither cited nor discussed *Caribbean*.

11

courts' decisions in *Caribbean*, *Bailey*, and *Off Lease*); *Francois v. Gulf Coast Transp., Inc.*, No. 8:16CV1061-T-24TBM, 2016 WL 4097108, at *4 (M.D. Fla. Aug. 2, 2016) (holding that as a result of *Caribbean*, *Bailey*, and *Off Lease*, the court "no longer finds . . . persuasive" federal district court cases interpreting § 501.211(2) to consumers only).

This Court is "bound to follow" the Florida appellate courts' interpretation of § 501.211(2) in *Caribbean*, *Bailey*, and *Off Lease*. *See Nunez v. Geico General Ins. Co.*, 685 F.3d 1205, 1210 (11th Cir. 2012) ("Absent a clear decision from the Florida Supreme Court . . . we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently.") (internal citation and quotation marks omitted). The Court is unaware of any Florida Supreme Court decision overturning or even undermining *Caribbean*, *Bailey*, or *Off Lease*, nor is there any indication that it would. Moreover, "a federal court's disagreement with a state court decision is not a persuasive indication that the Florida Supreme Court would decide the issue differently than a state intermediate appellate court." *See Bishop*, 2016 WL 1253734, at *3. The Court therefore holds that State Farm need not be a "consumer" to have standing to bring its FDUTPA claim. Accordingly, Defendants' motion to dismiss Count I because State Farm has no standing as a non-consumer is DENIED.

    d.    *State Farm's Alleged Damages are Cognizable under FDUTPA*

Defendants next argue that Count I should be dismissed because Fla. Stat. § 501.212(4)(a)[7] prohibits State Farm from recovering on an insurance-related claim under FDUTPA. Mot. at 12–

---

[7] Section 501.212(4)(a) "creates a specific exemption from suit under FDUPTA for any person or activity regulated under laws administered by . . . [t]he Office of Insurance Regulation of the Financial Services Commission." *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 427 F. App'x 714, 723 (11th Cir. 2011), *rev'd in part on other grounds sub nom. State Farm Mut. Auto. Ins. Co. v. Williams*, 824 F.3d 1311 (11th Cir. 2014). "Florida courts resolve questions about the applicability of this provision by looking to the activity which is the subject of the

12

13. Defendants further argue that State Farm has not alleged recoverable damages under FDUTPA. *Id.* In response, State Farm argues that § 501.212(4)(a) does not apply to this case and that it has plausibly alleged recoverable damages. Resp. at 13–17.

Defendants' claims are without merit. First, because the conduct of which State Farm complains "is not a type regulated by the Office of Insurance Regulation," § 501.212(4)(a) does not apply to the instant dispute. *See Physicians*, 427 F. App'x at 723 (holding that State Farm's FDUTPA claim against medical clinic and its owners concerning, *inter alia*, the submission of false reimbursement claims, did not fall under the regulatory authority of the Office of Insurance Regulation); *Comprehensive*, 2014 WL 7070832, at *2 ("[T]he alleged fraudulent billing activities may not be regulated by the Office of Insurance Regulation, and therefore, FDUTPA potentially applies to the conduct described in the Complaint.").

Second, the Court declines to hold–at this early stage in the proceedings–that State Farm failed to plausibly allege actual damages under FDUTPA. *See Iqbal*, 556 U.S. at 678. State Farm alleges that it reimbursed the Clinic for services that were entirely not performed, inflated, or non-compensable. *See* Compl. ¶ 27. In support of this allegation, State Farm details, *inter alia*, every claim at issue and the precise amounts that State Farm reimbursed for each claim, including the total amount reimbursed for all claims. *See* Ex. B (ECF No. 1–5). State Farm has therefore provided an adequate "basis for damages" to survive a motion to dismiss on this ground. *See Performance*, 315 F. Supp. 3d at 1310–1311 (holding that State Farm adequately presented a "basis for damages"–and thus fulfilled the actual damages requirement–by detailing the amounts it reimbursed for the allegedly false claims at issue). Further, in similar cases, "[c]ourts find that if a defendant engages in an unfair and deceptive act by unlawfully operating a medical clinic, then

---

lawsuit, and whether that activity is subject to the regulatory authority of the Office of Insurance Regulation." *Id.*

the unlawful operation of the clinic would have resulted in harm to plaintiffs, insured, and the public as a whole." *Id.* (internal citation omitted). Because State Farm has plausibly alleged actual damages under FDUTPA, Defendants' motion to dismiss Count I on this ground is DENIED.

B. Count II

*a. Justiciability*

Defendants argue that State Farm's request for a declaration stating that it is not liable for reimbursing certain unpaid claims submitted by Defendants is non-justiciable because the possibility of injury to State Farm is too remote and State Farm could have challenged the charges at issue in Florida state court. Mot. at 13–16. In response, State Farm argues that Eleventh Circuit case law forecloses on Defendants' justiciability challenge. Resp. at 17–19.

Defendants' arguments are without merit. First, the Eleventh Circuit has already held, in a similar case brought by State Farm against a medical clinic and others, that State Farm's request for a declaration that it was not required to pay for certain treatments was justiciable because the mere threat of injury to State Farm sufficed to confer standing. *See Physicians*, 427 F. App'x 714, 715, 721–22 ("We do not require State Farm to suffer the harm that it sought to avoid in order be entitled to declaratory judgment relief."); *Galstaldi v. Sunvest Communities USA, LLC*, 637 F. Supp. 3d 1045, 1057 (S.D. Fla. 2009) ("Any person aggrieved by a violation of the FDUTPA may seek declaratory and/or injunctive relief under the statute. There is no requirement that a plaintiff show an ongoing practice or irreparable harm, and declaratory relief is available regardless of whether an adequate remedy at law also exists."). Defendants fail to explain why State Farm's request for declaratory relief in this case is substantively different–for justiciability purposes–from

14

that in *Physicians*.[8] Moreover, Defendants point to no other "legal bar to State Farm's present claim for declaratory relief." *State Farm Mut. Auto. Ins. Co. v. Physician Grp. of Sarasota, L.L.C.*, 9 F. Supp. 3d 1303, 1312 (M.D. Fla. 2014) (denying motion to dismiss similar action for declaratory relief because State Farm did not use its declaratory judgment claim "to attempt to establish federal jurisdiction"); *Comprehensive*, 2014 WL 7070832, at *2 (same). Finally, although Defendants argue that a declaratory action is inappropriate because Florida law already "provides a mechanism for State Farm to challenge any bills that it has not yet paid," this Court has already held–in rejecting a similar argument brought by a medical group against State Farm– that "an insurer may pursue a declaratory action [in this Court] which requires a determination of the existence of nonexistence of a fact upon which the insurer's obligations under an insurance policy depend." *See Med. Serv. Ctr.*, 103 F. Supp. 3d at 1355–56 (internal quotation marks and citation omitted). Accordingly, Defendants' motion to dismiss Count II on justiciability grounds is DENIED.

        b.     *Feijoo as Individual Defendant*

Defendants finally argue that the Court should dismiss Count II as to Feijoo individually because any declaratory judgment in State Farm's favor would only apply to the Clinic, and not Feijoo. Mot. at 16. However, Defendants fail to cite any authority in support of their requested relief. *See* S.D. Fla. L.R. 7.1(a)(1) (requiring every motion, subject to certain exceptions, to incorporate a memorandum of law citing supporting authorities for the relief requested). Moreover, Defendants wholly fail to explain why "[a]ny declaratory judgment obtained [by State Farm] would only apply to . . . the Clinic," when State Farm explicitly alleges that Feijoo owns

---

[8] In fact, Defendants entirely fail to address State Farm's argument that *Physicians* is dispositive on Defendants' justiciability claim and therefore implicitly "conced[e] the point." *See Anderson v. Branch Banking & Tr. Co.*, 119 F. Supp. 3d 1328, 1345 (S.D. Fla. 2015).

15

and operates the Clinic, and that the claims at issue were submitted to State Farm "under Feijoo's direction and control." *See id.* ¶¶ 8, 33. Accordingly, Defendants' Motion to Dismiss Count II as to Feijoo individually is DENIED.

## IV. CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, Defendants' Motion to Dismiss (ECF No. 23) is hereby GRANTED IN PART AND DENIED IN PART as set forth above. State Farm may file an Amended Complaint that is complaint with Rule 9(b) within fourteen days from the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this  3rd  day of June, 2019.

K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

c: All counsel of record