# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY and STATE )
FARM FIRE AND CASUALTY )
COMPANY, )
)
      Plaintiffs, )
)
  v. ) Civil Action No. 18-1806-MN-SRF
)
DELAWARE DIAGNOSTIC & )
REHABILITATION CENTER, P.A.; )
CONRAD K. KING, JR., M.D., P.A.; )
DAMON D. CARY, D.O., P.A.; )
WILLIAM R. ATKINS, JR., M.D., LLC; )
CONRAD K. KING, JR.; DAMON D. )
CARY; and WILLIAM R. ATKINS, JR., )
)
      Defendants. )

## MEMORANDUM ORDER

At Wilmington this **25th** day of **May, 2021**, the court having considered the parties' letter submissions regarding their competing motions to compel responses to written discovery requests (D.I. 138; D.I. 139; D.I. 140; D.I. 141; D.I. 142), IT IS HEREBY ORDERED THAT:

(1) the motion to compel defendants Conrad K. King, Jr. ("Dr. King") and Conrad K. King, Jr., M.D., P.A. (the "King Practice;" together with Dr. King, the "King Defendants") to serve responses to interrogatories and requests for production is GRANTED (D.I. 139); (2) the motion to compel defendants Damon D. Cary ("Dr. Cary") and Damon D. Cary, D.O., P.A. (the "Cary Practice;" together with Dr. Cary, the "Cary Defendants") to serve supplemental responses to certain interrogatories and requests for production is GRANTED, and the motion to strike the Cary Defendants' objections to the requests is DENIED (D.I. 138); and (3) the Cary Defendants' motion to compel plaintiffs State Farm Mutual Automobile Insurance Company and State Farm

Fire and Casualty Company ("State Farm") to supplement the responses to certain requests for production is DENIED (D.I. 140).

1.  **Background.** State Farm initiated this action on November 15, 2018, asserting causes of action for common law fraud, civil conspiracy, unjust enrichment, and declaratory relief pursuant to 28 U.S.C. § 2201. (D.I. 1) The amended complaint alleges that the defendants participated in a scheme to profit from patients' no-fault insurance benefits by delivering unnecessary medical services and prescribing opioid medications to patients based on a "predetermined treatment plan" for minor injuries following automobile accidents. (D.I. 25 at ¶¶ 1-9) In response, the King Defendants and the Cary Defendants asserted counterclaims against State Farm for declaratory relief pursuant to 28 U.S.C. § 2201, violations of 42 U.S.C. § 1981, and intentional interference with existing and prospective contractual relations. (D.I. 70 at 33-37) The counterclaims allege that State Farm has designed a business model in which it accuses medical providers of fraud to avoid claims payments.[1] (*Id.* at 12)

2.  On August 31, 2020, State Farm served its first set of requests for production and first set of interrogatories on the King Defendants and the Cary Defendants. (D.I. 72) The Cary Defendants served their responses to State Farm's discovery requests on October 30, 2020. (D.I. 99) Dr. King did not serve a response to State Farm's interrogatories until January 20, 2021, and he has yet to respond to State Farm's requests for production. (D.I. 139 at 2; Ex. 2) To date, the King Practice has not responded to State Farm's interrogatories or requests for production. (*Id.*)

3.  The Cary Defendants served their first set of requests for production on State Farm on September 1, 2020. (D.I. 74)

---

[1] On May 13, 2021, the court issued a Report and Recommendation recommending dismissal of the counterclaims and denial of the King and Cary Defendants' motion to dismiss. (D.I. 137)

4.  A mediation conference was held on February 3, 2021. (D.I. 92) Pursuant to the operative scheduling order in this case, the substantial completion of document production is due by July 21, 2021, and the fact discovery cutoff is November 10, 2021. (D.I. 73 at ¶ 7(a)-(b))

5.  **Legal standard.** Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Democratic Nat'l Committee v. Republican Nat'l Committee*, 2019 WL 117555, at *2 (3d Cir. Jan. 7, 2019) ("The court may limit discovery to ensure its scope is proportional to the needs of a case."). A party may move for an order compelling discovery pursuant to Rule 37. Fed. R. Civ. P. 37(a). The party moving to compel discovery bears the burden of demonstrating the relevance of the requested information. *See Del. Display Grp. LLC v. Lenovo Grp. Ltd.*, C.A. Nos. 13-2108-RGA *et al.*; 2016 WL 720977, at *2 (D. Del. Feb. 23, 2016) (citing *Inventio AG v. ThyssenKrupp Elevator Am. Corp.*, 662 F. Supp. 2d 375, 381 (D. Del. 2009)).

6.  **Analysis.** For the reasons set forth below, State Farm's motions to compel the King and Cary Defendants to respond to the discovery requests are GRANTED, and the Cary Defendants' motion to compel is DENIED.

7.  *The King Defendants.* State Farm's motion to compel the King Defendants to respond to its discovery requests is GRANTED. The record before the court establishes that the King Defendants have failed to meaningfully participate in the discovery process. The King Defendants do not rebut State Farm's assertion that the King Practice has not responded to any discovery requests, and Dr. King has not responded to State Farm's requests for production. (D.I. 141) Nor do the King Defendants address State Farm's specific arguments about deficiencies in Dr. King's responses to Interrogatories 1, 2, 4, 5, and 6. The responses to these

interrogatories are facially deficient.[2] (D.I. 139, Ex. 2) Accordingly, the King Defendants are ordered to respond to State Farm's interrogatories and requests for production, and Dr. King is ordered to supplement his responses to Interrogatories 1, 2, 4, 5, and 6, on or before June 14, 2021.[3] The continued failure to participate in the discovery process in violation of a court order may result in sanctions under Rule 37(b)(2). Fed. R. Civ. P. 37(b)(2); *see Nat'l Fire & Marine Ins. Co. v. Robin James Constr., Inc.*, 478 F. Supp. 2d 660, 663 (D. Del. 2007) (awarding sanctions in the form of expenses and attorney's fees in response to the defendant's failure to participate in the discovery process in violation of court orders).

8. As a justification for their failure to participate in the discovery process, the King Defendants allege that Dr. King has offered State Farm a judgment on all claims against the King Defendants in an amount of State Farm's choosing. (D.I. 141 at 1) Settlement overtures among the parties are not properly the subject of a discovery dispute. The record reflects that the case has been referred to mediation (9/1/2020 Order of Referral), and the parties may engage in further efforts to mediate the case or seek appropriate relief under the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 68. In the interim, the King Defendants remain active parties obliged to comply with the Federal Rules of Civil Procedure.

9. ***The Cary Defendants.*** As a preliminary matter, State Farm's motion to strike the Cary Defendants' objections to certain interrogatories and requests for production is DENIED.

---

[2] It is difficult to reconcile Dr. King's interrogatory responses alleging that he "no longer has access to or recalls" basic information about his career and practice with his claim that he seeks to rectify "a deliberately false stain on the legacy of a medical career of which he remains rightfully proud." (D.I. 139, Ex. 2 ; D.I. 141 at 2) Moreover, subpoenas for documents served on Dr. King's accountant and banks do not remedy the deficiencies in Dr. King's responses to Interrogatories 4 and 5.

[3] Dr. King's supplemental responses to State Farm's interrogatories shall specifically address the deficiencies outlined in the chart provided by State Farm at D.I. 139, Ex. 1. The King Defendants shall identify who is in possession of their records.

State Farm does not identify a procedural rule to support its motion to strike, nor does it expressly ask the court to exercise its inherent power to strike the Cary Defendants' general and non-specific objections to the discovery requests.[4] While blanket objections to all discovery requests and non-specific objections to particular requests are "empty, useless traditions that do nothing but make discovery unnecessarily cumbersome," *Smash Tech., LLC v. Smash Sols., LLC*, 2020 WL 3546254 (D. Utah June 30, 2020), there is no practical purpose in striking them here because the record does not establish the Cary Defendants "asserted the objection[s] to intentionally obfuscate discovery or abuse the judicial process," *Kelly v. FedEx Ground Package Sys., Inc.*, 2011 WL 1584764, at *3 (S.D. W. Va. Apr. 26, 2011). A motion to strike the objections is not the proper procedural device under these circumstances, and the court's order compelling the Cary Defendants to supplement with full and complete discovery responses addresses any inadequacies in their objections to the requests. *See Burton v. Chrysler Grp. LLC*, 2012 WL 13118731, at *1 (D.S.C. Sept. 13, 2012).

**10.** State Farm's motion to compel the Cary Defendants to supplement the specified discovery responses is GRANTED. The Cary Defendants do not challenge State Farm's arguments regarding the substantive deficiencies in the discovery responses. Instead, they resort to generalized, often irrelevant vitriol despite the court's recent admonition against such

---

[4] The cases relied upon by State Farm from this district are distinguishable. In *Owens v. Minor*, C.A. No. 07-365-JJF, 2009 WL 2030938, at *2 (D. Del. July 10, 2009), no request was made to strike objections to interrogatories. Instead, the plaintiff challenged the lack of specificity in the defendants' objections to the interrogatories in the form of a motion to compel. The court found that the objections to the interrogatories were sufficiently specific and denied the motion to compel. In *LG Philips LCD Co. v. Tatung Co.*, C.A. No. 04-343-JJF, 2005 WL 8170100, at *16 (D. Del. Aug. 16, 2005), the Special Master awarded monetary sanctions under Rule 37 in response to boilerplate interrogatory responses. No request for monetary sanctions under Rule 37 has been made here, nor do the facts warrant it at this stage. Compelling substantive responses to the interrogatories is an adequate remedy in this case.

rhetoric.[5] (D.I. 137 at 12 n.10) State Farm has pointed to specific, unrebutted deficiencies in the discovery responses, and the Cary Defendants should therefore be compelled to amend and supplement their discovery responses on or before June 14, 2021 in accordance with the analysis below.

11. Dr. Cary shall supplement his responses to Interrogatories 3, 4, and 8 in accordance with the chart attached as Exhibit 1 to State Farm's letter submission. (D.I. 138, Ex. 1 at 1) In response to Interrogatories 3 and 4, Dr. Cary did not identify which specific documents were responsive in its supplemental response. (D.I. 138, Ex. 2 at 6-7 & supplement) Moreover, documents included in Dr. Cary's document production establish that Dr. Cary's responses to Interrogatories 4 and 8 are incomplete. (*Id.* at 6-8 & supplement)

12. The Cary Practice shall supplement its responses to Interrogatories 2, 5, 6, 8, and 9 in accordance with the chart attached as Exhibit 1 to State Farm's letter submission.[6] (D.I. 138, Ex. 1 at 2-3) The Cary Practice did not identify which specific documents were responsive to Interrogatories 2 and 8 in the supplemental response. (D.I. 138, Ex. 2 at 3, 5 & supplement) Interrogatories 5 and 6 lack an explanation as to why the requested information is not known to

---

[5] The Cary Defendants dedicate a paragraph of their responsive letter to alleged deficiencies in State Farm's document production instead of responding to the specific, enumerated deficiencies identified in their own production. (D.I. 141 at 2-3) The Cary Defendants acknowledge that State Farm accommodated their complaints regarding the formatting of the production, and with no ripe dispute, it is unclear why they felt it necessary to bring this to the court's attention. (*Id.* at 3) The Cary Defendants acknowledge their failure to review the substance of State Farm's document production, despite the fact that they have brought their own discovery dispute challenging the sufficiency of that very production. (*Id.*)

[6] The body of State Farm's letter submission also discusses purported deficiencies in the Cary Practice's responses to Interrogatories 3, 4, 7, and 10, which refer generally to the interrogatory responses of Dr. Cary. (D.I. 138 at 2) To the extent that the Cary Practice incorporates the interrogatory responses of Dr. Cary in response to these requests, the supplementation shall specifically identify the applicable responses and provide any additional information necessary to complete the response.

State Farm. (*Id.* at 4-5) Moreover, the Cary Practice's objection to Interrogatory 9 on the basis that it seeks publicly available information is not supported by the relevant case law. "[I]t is well established . . . that interrogatories are not objectionable merely because they seek information which is a matter of public record." *Illinois Nat'l Ins. Co. v. Cornett*, 2021 WL 1582771, at *6 (D.V.I. Apr. 22, 2021) (quoting *Anderson v. United Air Lines, Inc.*, 49 F.R.D. 144, 147 (S.D.N.Y. 1969)).

**13.** Dr. Cary shall supplement his responses to Request for Production Nos. 3-6, 12-22, and 24-32, and the Cary Practice shall supplement its responses to Request for Production Nos. 1-4, 6, 7, 12-18, and 20-28, in accordance with the chart attached as Exhibit 1 to State Farm's letter submission. (D.I. 138, Ex. 1 at 3-12) The Cary Defendants' amended responses to the requests for production shall clearly reflect that no documents are being withheld on the basis of privilege or objections, or otherwise provide a privilege log for withheld documents. All responsive documents produced shall be identified by Bates numbers and the production shall be completed on or before June 14, 2021. (D.I. 138, Ex. 3)

**14.** Likewise, Dr. Cary shall produce all responsive documents to Request for Production Nos. 1-3, 6, 8, 10, and 12-31, and the Cary Practice shall produce all responsive documents to Request for Production Nos. 3-5, 7, and 10-27, in accordance with the chart attached as Exhibit 1 to State Farm's letter submission. (D.I. 138, Ex. 1 at 3-12) The Cary Defendants do not challenge State Farm's position that their production in response to these requests is incomplete. The Cary Defendants' supplement to their document production suggests that the Cary Defendants no longer object to producing financial discovery, (D.I. 138, Ex. 3 at supplement), and additional financial discovery should be produced to the extent that such production has not already occurred, *see State Farm Mut. Auto. Ins. Co. v. Fayda*, 2015 WL

7

7871037, at *3 (S.D.N.Y. Dec. 3, 2015) (compelling production of bank records and tax returns); *State Farm Mut. Auto. Ins. Co. v. McGee*, 2012 WL 8281725 (E.D.N.Y. Feb. 21, 2012) (ordering production of doctor's personal tax returns, redacted bank records, and records from the defendant's health care businesses including tax returns, general ledgers, and management agreements).

15. In the Cary Defendants' supplemental response to State Farm's first set of requests for production, they suggest that, "[i]f State Farm wishes to receive complete copies of each chart sooner than Dr. Cary is able to have them copied, it is welcome to have a copy vendor retrieve the records and make copies at State Farm's expense." (D.I. 138-1 at 70) The Cary Defendants cited no authority in support of their cost-shifting proposal, and the court will not impose such a requirement on State Farm on this record.

16. ***State Farm.*** The Cary Defendants' motion to compel State Farm to produce all of its Special Investigations Unit/Multi-Claim Investigation Unit pre-project and Project File investigation documents since 2003 is DENIED. First, the Cary Defendants did not attach for the court's review the applicable discovery requests and associated responses that are alleged to be deficient, nor did they identify any deficient response. "A party moving to compel another party to respond to a discovery request must direct the court to the particular discovery request at issue and inform the court of how the response received to that request, if any, is deficient." *Turner v. Connection CSP*, C.A. No. 16-667-MN; 2019 WL 6910177, at *2 (D. Del. Dec. 19, 2019). Second, the Cary Defendants were unable to confirm their theory that no documents pre-dating November 15, 2015 were produced by State Farm because the Cary Defendants admit that they have not completed their review of State Farm's production. (D.I. 140 at 4) ("Given the intentionally opaque manner of State Farm's production, which consists of thousands of

essentially unmarked digital files themselves containing hundreds of thousands more files required to be clicked individually to open just to try to see what each file is, it is virtually impossible to discern exactly what documents have actually been produced."). State Farm denies that it imposed a date restriction on its production and represents that it did, in fact, produce documents pre-dating November 15, 2015. (D.I. 142 at 2-3) The Cary Defendants cannot establish deficiencies in a document production that they admittedly have not yet fully reviewed.

17. **Conclusion.** In view of the foregoing analysis, IT IS HEREBY ORDERED that:

(1) State Farm's motion to compel directed to the King Defendants is GRANTED. (D.I. 139) On or before **June 14, 2021**, the King Defendants shall serve responses to State Farm's requests for production, the King Practice shall serve responses to State Farm's interrogatories, and Dr. King shall supplement his responses to Interrogatories 1, 2, 4, 5, and 6.

(2) State Farm's motion to compel directed to the Cary Defendants is GRANTED-IN-PART. (D.I. 138) The motion to strike the Cary Defendants' objections to the discovery requests is DENIED. On or before **June 14, 2021**, the Cary Defendants shall supplement their discovery responses as follows:

(a) Dr. Cary shall supplement his responses to Interrogatories 3, 4, and 8.

(b) The Cary Practice shall supplement its responses to Interrogatories 2, 5, 6, 8, and 9.

(c) Dr. Cary shall supplement his responses to Request for Production Nos. 3-6, 12-22, and 24-32.

(d) The Cary Practice shall supplement its responses to Request for Production Nos. 1-4, 6, 7, 12-18, and 20-28.

(e) Dr. Cary shall produce all documents responsive to Request for Production Nos. 1-3, 6, 8, 10, and 12-31.

(f) The Cary Practice shall produce all documents responsive to Request for Production Nos. 3-5, 7, and 10-27.

(3) The Cary Defendants' motion to compel directed to State Farm is DENIED. (D.I. 140)

18. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to three (3) pages each.

19. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge